IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH A. SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 3:03 cv 312 DRH |
| ) | |
| EUGENE MACADORY, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by the petitioner, Keith A. Sanders, on May 19, 2003 (Doc. 1) and the Motion to Dismiss filed by the respondent, Eugene MacAdory, on May 5, 2005 (Doc. 28). For the reasons set forth below, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus be **DENIED** (Doc. 1), that the Motion to Dismiss be **GRANTED** (Doc. 28), that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

UNDERLYING CRIMINAL CONVICTION

The petitioner, Keith A. Sanders, was convicted for first degree murder in the shooting deaths of two individuals. He was sentenced to life in prison on November 2, 1994. The shootings occurred on January 15, 1994 when the petitioner and others were involved in an altercation with four other persons, including the two victims. The evidence at trial revealed that the petitioner shot one victim, Jeryl Jones, in the legs and then in the upper torso, and that he also shot the second victim, Darnell Love. The evidence at trial included testimony from some

of the persons involved in the altercation, recovered bullets from the victims, and testimony from police officers who stopped the car in which the defendant was riding after the shootings. The defendant also testified at trial. He stated that while he was at the scene and carrying a weapon, he did not carry the specific weapon used in the murders and also that he did not fire at the victims.

PROCEDURAL HISTORY

DIRECT APPEAL

On direct appeal of his conviction and sentence, the petitioner made one argument: that the trial court erred in failing to instruct the jury on accomplice-witness testimony. (Resp. Ex. B at p. 4)[1] In an order dated June 7, 1996, the Appellate Court of Illinois, Fifth District, held that the failure to provide the instruction was not reversible error. The court stated that the "the failure to give an accomplice-witness instruction did not deprive the jury of guidance which was essential to its deliberation." (Resp. Ex. A at p. 7). In addition, the court stated that even if there was error, it was harmless. (Resp. Ex. A at p. 8) There is no record or showing that the petitioner appealed this decision to the Illinois Supreme Court.

STATE POST-CONVICTION PROCEEDINGS

On or about September 22, 1996, the petitioner filed a petition for post conviction relief with the St. Clair County Circuit Court. (Resp. Ex. I at p. 1) In this petition, he claimed that the shooting of Jeryl Jones was justified, that he was actually innocent of the shooting of Darnell Love, that evidence at trial was forged and/or fabricated by the police, and that the case was

---

[1] Throughout this Report and Recommendation, page references are to the page numbers generated by the CM/ECF system and not necessarily the page numbers listed at the bottom of the various exhibits attached to the documents in this case.

"influenced by the power and money of one Everett Baker . . . ." (Resp. Ex. I at p. 8) The petitioner supplemented his brief in September, 1998 with a claim of ineffective assistance of counsel, Steven Omolecki, his counsel on direct appeal. (Resp. Ex. J at p. 1) In a brief order dated November 10, 1998, the St. Clair County Court dismissed the petition with no reasoning. (Resp. Ex. K at p. 1)

On April 2, 2001, the petitioner filed a brief with the Appellate Court of Illinois, Fifth District in which he made three arguments: that the trial court erred in dismissing his petition on waiver grounds; that direct appeal counsel was ineffective for failing to raise the self-defense claim and the insufficiency of the evidence presented by the State in disproving self-defense; and, that direct appeal counsel was ineffective for failing to raise insufficiency of the evidence and the argument that the State fabricated evidence and elicited perjured testimony. (Resp. Ex. D at pp. 2-4) On December 24, 2001, the Appellate Court of Illinois, Fifth District, after conducting a *de novo* review, denied his petition. (Resp. Ex. E at p. 4) The court first outlined the two-part ineffective assistance of counsel test established in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984). (Resp. Ex. E at pp. 4-5) The court went on to hold that the petitioner had failed to show actual prejudice because no competent attorney would have advanced the argument of self-defense based on the evidence; and, no reasonable attorney would have advanced the argument regarding fabricated evidence and perjured testimony. (Resp. Ex. E at pp. 5-7)

The petitioner filed a petition for leave to appeal this decision on February 28, 2002. That petition was denied by the Supreme Court of Illinois by short order issued on May 30, 2002. <u>People v. Sanders</u>, 775 N.E.2d 8 (Table) (Ill. 2002).

FEDERAL POST CONVICTION PROCEEDINGS

The petitioner filed his initial petition for a writ of habeas corpus on May 19, 2003. In this lengthy petition, the petitioner raised two grounds:

> 1. Ineffective assistance of direct appeal counsel for failing to raise the issues of self-defense with respect to the shooting of Jeryl Jones, for failing to raise the sufficiency of the evidence with respect to the shooting of Darnell Love, and for failing to argue that the State did not prove that he was not acting in self-defense. (Petition at p. 27)
>
> 2. Ineffective assistance of direct appeal counsel for failing to raise an argument regarding the State's soliciting of perjured and fabricated testimony/evidence. (Petition at p. 48)

In his response to the petition, the respondent filed a motion to dismiss and alleged that this petition was a second or successive petition and that the Seventh Circuit Court of Appeals had not given permission for the filing of the petition pursuant to 28 U.S.C. §2244(b)(3)(A). (First Motion to Dismiss, Doc. 10, at p. 3) Specifically, the respondent stated that:

> 1. The petitioner had filed a petition for a writ of habeas corpus with this Court on January 28, 1998;
>
> 2. The petitioner raised two claims: that the Illinois Court's delayed inordinately in considering his state post-conviction petition; and that there are no available state court corrective measures to adjudicate his claim that the state conspired with others to convict him;
>
> 3. Magistrate Judge Philip M. Frazier issued a Report and Recommendation that the petition be dismissed on March 23, 1999; and,
>
> 4. Chief Judge G. Patrick Murphy adopted the report and recommendation and dismissed the petition, on May 10, 1999, on the grounds that the petitioner had not stated a ground for habeas relief.

On June 29, 2004, Magistrate Judge Gerald B. Cohn issued a Report and Recommendation in

this case that recommended that this petition be dismissed as it was a second or successive petition filed without the permission of the Court of Appeals. District Judge David R. Herndon adopted the Report and Recommendation and dismissed this case.

The dismissal order, however, was reversed on appeal and remanded to this Court for further proceedings on February 28, 2005. The Seventh Circuit found that this petition was not a second or successive petition as the first 1998 habeas petition was not construed as such by Chief Judge Murphy and was not seeking relief pursuant to the habeas statute. (7th Cir. Order, Doc. 23 at p. 2) Subsequent to remand, the respondent filed a motion to dismiss in which he makes one argument: that the petition is untimely.

### CONCLUSIONS OF LAW

It is unnecessary for the Court to hold a evidentiary hearing on this matter is it can be considered on the briefs and evidence supplied by the parties. As an inmate in state custody, the petitioner seeks relief pursuant to 28 U.S.C. §2254, which is a codification of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This code section contains a number of requirements including the exhaustion of state court remedies and a showing that the state courts erred in either the law applied to the petitioner's claims or the facts relied on in basing a decision. 28 U.S.C. §2244(d) further provides the time limits for the filing of a habeas petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing
> by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

The burden is on the respondent to show that the petition is untimely. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004). The respondent argues that 411 days elapsed between final judgment in this case and the filing of this habeas petition and, therefore, it was well outside the year limitations period. The respondent calculates this amount by adding the time period between the final judgment in this case and the filing of the state habeas petition (86 days) and the time period between the final ruling on the state habeas petition and the filing of the federal habeas petition (326 days). Thus, the respondent argues, the petition is untimely.

The petitioner is indeed time-barred from filing this petition for a writ of habeas corpus if the respondent. There is no question that the Appellate Court of Illinois issued its decision on direct appeal on June 7, 1996. There is also no question that the petitioner did not appeal this decision to the Illinois Supreme Court. Therefore, his conviction and sentence became final

when the time for filing an appeal expired: June 28, 1996.[2]  There is also no dispute that the petitioner filed his state habeas petition on September 22, 1996.  A final decision was rendered on the state petition when the Illinois Supreme Court denied his petition for leave to appeal on May 30, 2002.[3]  Thus, the 1 year time period began to run on June 28, 1996, was suspended on September 22, 1996, and continued on May 30, 2002.  As such, the petitioner should have filed his petition in this Court on March 5, 2003.  As he filed his petition on May 19, 2003, the petition is time-barred.[4]

In the petitioner's response to the motion to dismiss, he first argues that his conviction did not become final until the Illinois Supreme Court denied of leave to appeal his habeas petition on May 30, 2002.  This argument misapprehends the fundamental difference between direct review and collateral review and the separation of the two types of review in the statute

---

[2] Illinois Supreme Court Rule 315(b) provides that "[u]nless a timely petition for rehearing is filed in the Appellate Court, a party seeking leave to appeal must file the petition for leave in the Supreme Court with 21 days after entry of the judgement of the Appellate Court . . . ."  Even if the petitioner had sought a rehearing, the clock still started to run after the 21st day.  See Wilson v. Battles, 302 F.3d 745, 747-748 (7th Cir. 2002).  In addition, as the petitioner's conviction became final prior to April 24, 1996, the date that the AEDPA was enacted, he is not entitled to a 1 year grace period.  Newell v. Hanks, 283 F.3d 827, 832 (7th Cir. 2002).  Finally, the petitioner is not entitled to a 90 day period for filing a petition for certiorari as provided in Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002).  Under these circumstances, it is only possible to file a petition for a writ of certiorari, with the United States Supreme Court, based on the judgment of "a state court of last resort."  See SUPREME COURT RULES 13(1).  As the petitioner did not file an appeal with the Illinois Supreme Court, the state court of last resort, there is no possibility that he could have filed a petition for a writ of certiorari.  Therefore the ruling in Anderson has no application here.

[3] The decision of the Illinois Supreme Court was issued on May 30, 2002 while the mandate of the Court was issued on June 21, 2002.  The applicable date is May 30, 2002, the date of judgment and not the date of the mandate.  See Gildon, 384 F.3d at 887.

[4] Even if the Court were to use the date that the petition was signed, April 23, 2003, the petition still would be time-barred.

governing the period of limitations, 28 U.S.C. §2244(d).  The petitioner's next arguments go to the merits of his petition and will not be considered.  The petitioner has offered no argument that the limitations period should be tolled or that his claim for ineffective assistance of counsel is governed by the other provisions of 28 U.S.C. §2244(d) which concern impediments, new law, or new evidence.  For these reasons, this Court can only find that this petition is time-barred.

For the reasons set forth above, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus filed by the petitioner, Keith A. Sanders, on May 19, 2003 be **DENIED** (Doc. 1), that the Motion to Dismiss filed by the respondent, Eugene MacAdory, on May 5, 2005 be **GRANTED** (Doc. 28), that this matter be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 18, 2005**

        **s/ Donald G. Wilkerson**
        **DONALD G. WILKERSON**
        **United States Magistrate Judge**