## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA, ex rel.**
**KEITH A. SANDERS, B-26621,**

**Petitioner,**

**vs.**

**EUGENE MacADORY, Warden,**
**Menard Correctional Center,**

**Respondent.**                                      **No. 03-CV-312-DRH**

### <u>ORDER</u>

**HERNDON, District Judge:**

On May 19, 2003, Petitioner Keith A. Sanders filed a pro se petition for a writ of habeas corpus pursuant to **28 U.S.C. § 2254**, alleging that during his 1994 criminal trial the State of Illinois did not prove that he committed murder beyond a reasonable doubt.  (Doc. 1.)

Now before the Court is a Report and Recommendation (the "Report") submitted by Magistrate Judge Donald G. Wilkerson pursuant to **28 U.S.C. § 636(b)(1)(B)**.  (Doc. 32.)  The Report concludes that Respondent Eugene MacAdory's

second motion to dismiss (Doc. 28) should be granted because Sanders's petition was not submitted in timely fashion. Sanders timely objects.[1] (Doc. 33.) As a result, this Court undertakes de novo review of Judge Wilkerson's Report. **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. This Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**.

Sanders was convicted of murder in St. Clair County in 1994. (Doc. 28, Ex. A.) His conviction and sentence were affirmed by the Illinois Appellate Court on June 7, 1996. (*Id.*) Sanders did not file a petition for leave to appeal that decision within the provided-for twenty-one days. **ILL S. CT. R. 315**; (Doc. 1, p. 6).

On September 22, 1996, Sanders filed a post-conviction petition in Illinois state court.[2] (Doc. 28, Ex. I.) The Illinois Circuit Court dismissed that petition on November 10, 1998. (Doc. 28, Ex. K.) Sanders appealed. The Illinois

---

[1] On December 28, 2005, Petitioner Sanders also filed a "Supplemental Memorandum of Law" in this matter. (Doc. 36.) The Court does not consider this document in its review. As **Local Rule of the Southern District of Illinois 73.1** provides, the parties had ten days following the issuance of Judge Wilkerson's Report in which to serve and file written objections. That ten-day period expired well prior to the date on which Sanders's supplemental memorandum was filed.

[2] Sanders also filed a supplemental petition on September 28, 1998. (Doc. 28, Ex. J.)

Appellate Court affirmed the dismissal on December 24, 2001.[3]  (Doc. 28, Exs. D, E.)

Sanders then filed a petition for leave to appeal to the Illinois Supreme Court.  (Doc.

28, Ex. G.)  That petition was denied on May 30, 2002.  (Doc. 28, Ex. H.)  On May 19,

2003 Sanders filed his federal habeas petition.[4]

     Respondent MacAdory filed his first motion to dismiss in this case on

April 8, 2004.  (Doc. 10.)  In response, Magistrate Judge Gerald Cohn issued a

Report and Recommendation recommending that the motion be granted, on the

ground that the petition was a second petition that Sanders filed without obtaining

the requisite permission.  (Doc. 12.)  This Court adopted the Report; the Seventh

Circuit then reversed and remanded.  (Doc. 23.)

     The Court now finds Sanders's petition untimely.   As **28 U.S.C. §

2244(d)** provides:

(1)     A 1-year period of limitation shall apply to an application for a
        writ of habeas corpus by a person in custody pursuant to the
        judgment of a State court.  The limitation period shall run from
        the latest of –

        (A)     the date on which the judgment became final by the
                conclusion of direct review or the expiration of the time for
                seeking such review;

---

[3] Sanders filed a petition for a rehearing, which Respondent indicates was
denied on January 18, 2004.  (Doc. 28, p. 2.)

[4] In early 1998, Sanders filed a different habeas petition in the Southern
District of Illinois, wherein he complained of the state court's delay in entering a
final order.  (*Id.*)  On May 10, 1999, Judge Patrick Murphy adopted Magistrate
Judge Philip Frazier's recommendation to dismiss that petition.  (Doc. 10, Ex. B.)

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Sanders's one-year time period began to run when his time to appeal the Illinois Appellate Court's decision expired on June 28, 1996, twenty-one days after the decision was issued. **ILL S. CT. R. 315**. It continued running for eighty-six days until September 22, 1996, when Sanders filed his state post-conviction petition. It restarted on May 30, 2002, when the Illinois Supreme Court denied Sanders's petition for leave to appeal. Sanders had until March 5, 2003 — 279 days after the final decision in his state case — to timely file a petition. He failed to do so.[5]

For this reason, Sanders's petition is untimely. His objections present no reason for the Court to find otherwise. Sanders, it would seem, does not

_____

[5] Thus, it is immaterial whether Sanders's federal habeas petition was filed on April 23, 2003 (the date Sanders marked beneath his signature) or May 19, 2003 (the date stamped on the first page of the document). Either way, Sanders's petition is untimely.

understand that "suspend" and "does not count toward" have the same thing meaning when considering the number of days assigned to days spent on the habeas corpus calendar. Based on a de novo review of the Report and after review and consideration of Petitioner's objections, the Court **ADOPTS** Judge Wilkerson's Report in its entirety.   (Doc. 32.)  The Court **GRANTS** Respondent MacAdory's motion to dismiss and **DISMISSES** Sanders's petition.  (Doc. 28.)

　　　　**IT IS SO ORDERED**.

　　　　Signed this 17th day of January, 2006.


　　　　　　　　　　　　　/s/　　　　　David RHerndon
　　　　　　　　　　　　　**United States District Judge**