**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA, ex rel.**
**KEITH A. SANDERS, B-26621,**

**Petitioner,**

**vs.**

**EUGENE MACADORY, Warden,**
**Menard Correctional Center,**

**Respondent.**                                    **No. 03-CV-312-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

       Two motions submitted by Petitioner Keith A. Sanders ("Petitioner") are currently before the Court: a motion for a certificate of appealability ("COA") to seek appellate review by the Seventh Circuit (Doc. 38), and a motion for leave to file in forma pauperis on appeal (Doc. 39).  For the reasons below, the Court grants Petitioner's motions.

       To appeal a final order denying a habeas corpus petition, a petitioner must obtain a certificate of appealability.  **28 U.S.C. § 2253(c)(1)(A)**.  **Section 2253(c)(2)** provides that a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  **28 U.S.C. § 2253(c)(2)**.  **Section 2253(c)(3)** adds that "[t]he certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."  **28 U.S.C. § 2253(c)(3)**.  ***See also Davis v. Borgen*, 349 F.3d**

1

**1024, 1028 (7th Cir. 2003)** (vacating a certificate of appealability because the district court judge failed to identify the specific issues appropriate for appellate review pursuant to **28 U.S.C. § 2253(c)(3)**).

In ***Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)**, the United States Supreme Court explained how a district court should evaluate a request for a COA. When a district court has denied a petitioner's  constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." ***Id.* at 484**. When a district court has denied a petitioner's constitutional claims on procedural grounds "without reaching the prisoner's underlying constitutional claims," a COA should issue if jurists of reason could debate whether the petition states a valid claim of denial of a constitutional right and whether the district court was correct in its procedural ruling. ***Id.* at 478**.  More recently, the Supreme Court held that a petitioner need not demonstrate that he will prevail in order to receive a COA. ***See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003)** ("[A] COA does not require a showing that the appeal will succeed.").  Rather, a petitioner must simply show that the Court's decision was debatable among jurists.  "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that the petitioner will not prevail." ***Id.***

Here, the Court finds that Petioner's claim meets the "debatable" standard articulated by the Seventh Circuit, specifically an issue involving the limitations period and it's impact on the particular facts of his habeas corpus matter,

and thus the Court finds that a certificate of appealability should issue.  Further, the Court cannot find that the instant appeal is not taken in good faith, and therefore determines that Petitioner should be granted in forma pauperis status on appeal. *See* **28 U.S.C. § 1915(a)(3)**.[1]

Accordingly, both Petitioner's request for a certificate of appealability and his motion to proceed in forma pauperis on appeal are **GRANTED**.  (Docs. 38, 39.)

**IT IS SO ORDERED.**

Signed this 28th day of February, 2006.

/s/          David   RHerndon
**United States District Judge**

---

[1]  Because this is a habeas corpus action under **28 U.S.C. § 2254**, the filing fee provisions of **28 U.S.C. § 1915(b)** do not apply.  *See* ***Walker v. O'Brien,*** **216 F.3d 626, 628-29 (7th Cir. 2000)**.